[Civ. No. 9981. Fourth Dist., Div. One. June 25, 1970.]

REX ZINN, as Administrator, etc., Plaintiff and Appellant, v. FRED R. BRIGHT III, Defendant and Respondent.

**COUNSEL**

Ewing, McKee & Kirk and Russell J. Kirk for Plaintiff and Appellant.

Wien, Thorpe & Sutherland for Defendant and Respondent.

## OPINION

### WHELAN, J.—

#### PROCEEDINGS BELOW

Rex Zinn, as the administrator of the estate of Charles Kano (plaintiff), seeks to enforce a judgment obtained in action #38158 against Fred R. Bright Company (Company), which was affirmed by this court in April 1969 (*Zinn* v. *Fred R. Bright Co.,* 271 Cal.App.2d 597 [76 Cal.Rptr. 663]).

The present action was submitted to the court upon a written stipulation of facts and upon admissions of facts made by defendant in response to a request therefor. Judgment was entered in favor of defendant Fred R. Bright III (Bright).

#### STATEMENT OF FACTS

Charles Kano, an employee of Company, died on September 19, 1966. Plaintiff brought action #38158 to recover $3,045.73, the amount of a check dated November 14, 1962 issued by Company in favor of Kano. On February 27, 1968, judgment in action #38158 was entered in favor of plaintiff.

On April 25, 1968, a writ of execution on the judgment was issued which, on May 10, 1968, was returned wholly unsatisfied. Bright, ordered to appear and answer concerning any property of Company in his possession or any debts owed by him to Company, appeared and denied he had any property in his possession or under his control belonging to Company and denied being indebted to Company.

Company, by consent of shareholders owning 100 percent of its voting stock, was dissolved on January 12, 1966, before action #38158 was commenced. The dissolution was accomplished without court proceedings or court supervision, and pursuant to the dissolution and winding up, the assets of Company were distributed pro-rata to the shareholders. One class of shares was outstanding, 5,000 shares of $10 par common stock.

At the time of the dissolution, William Kumler, as trustee under the will of Rose L. Bright, held 50 percent of the outstanding shares. Bright was the income beneficiary of the trust and was entitled to a distribution of one-third of the corpus on attaining the age of 25.

A corporate asset known as the "Gregg Ranch" was distributed to Kumler as trustee in complete liquidation and redemption of the shares held by him. The land was not encumbered and had a fair market value at the time

of distribution of $256,000. On Bright's 25th birthday (August 25, 1968), Kumler distributed to him the land known as the "Gregg Ranch" and Bright became the legal owner thereof.

## DISCUSSION

The position of the parties is that the sole question involved is whether section 5012, Corporations Code, affords the exclusive means of reaching assets, for the purpose of satisfying the claim of a creditor of the corporation, that have been distributed in the dissolution of the corporation.

We must answer that question in the negative. However, other remedies open to a creditor are not necessarily available against defendant here.

Obviously not available is an action to set aside a transfer in fraud of creditors, no claim of fraud having been made here.

 It is not equally clear that a creditor's suit in equity, which is the nature of the action brought by plaintiff, is available to him.

In the process of dissolution or winding up of a corporation, the corporate assets are to be distributed among the owners of shares, after the directors have determined "that all the known debts and liabilities" of the corporation "have been paid or adequately provided for." (Corp. Code, § 5000.)

Section 5001, Corporations Code, affords two methods, not necessarily exclusive, by which a debt or liability may be adequately provided for; section 5010 affords another means.

Section 824, Corporations Code, provides: "Except as provided in this division, the directors of a corporation shall not . . . authorize or ratify the . . . distribution of any part of its assets among its shareholders."[1]

Distributions of capital were considered to come within the prohibition of former Civil Code section 309, the forerunner of section 824, Corporations Code (formerly § 364, Corp. Code). (*Oilwell etc. Co.* v. *Petroleum etc. Co.,* 64 Cal.App.2d 367, 374 [148 P.2d 720].)

The language of section 824 is broad enough to and does include distributions of capital in dissolution proceedings made without complying with the provisions of section 5000, Corporations Code.

We conclude that section 824, Corporations Code, should be considered together with all the other sections related in subject matter and found in the division referred to in section 824.

---

[1]The division includes all of the relevant sections dealing with dissolution of corporations.

A right of action is given directly to a judgment creditor whose debt or claim arose before an unauthorized distribution of capital against any director who participated in such distribution for the amount owing the creditor (§ 826). *T W M Homes, Inc.* v. *Atherwood Realty & Inv. Co.*, 214 Cal.App.2d 826, 855 [29 Cal.Rptr. 887].)

A cause of action against directors is also given to the corporation on behalf of all creditors for the full amount of such indebtedness (§ 825).

Fraud is not a necessary ingredient of such cause of action, although it may be present (§ 828).

A director who has satisfied the claim of one or more creditors has a right of contribution enforceable by action against any recipient of such unauthorized distribution in the proportion such distribution bears to the total distribution, if the recipient had knowledge of facts indicating the distribution was unauthorized (§ 827).

Section 1510, Corporations Code, gives to the corporation also a right of action against a shareholder for the full amount of an unauthorized dividend, except a distribution covered by section 5012, Corporations Code, received by a shareholder with knowledge of facts indicating the impropriety of the dividend.

■ We conclude that the cause of action given the corporation by section 5012, Corporations Code, is, like that declared by section 1510, *in personam* and may be pursued though the assets distributed are no longer in the hands of the shareholder, although such assets might still be held.

The creditor is not given a right of action by section 5012.

Section 5012 imposes no obligation upon the corporation or the persons empowered by statute to act in its behalf to bring such an action.

Section 5012, Corporations Code, makes no mention of a request by a creditor. Since it neither does that nor imposes any duty on the corporation to bring action, it is not interpreted by us as limiting any right a creditor might otherwise have.

■ Assets of a dissolved corporation can only be distributed to the shareholders subject to the rights of creditors of the corporation; so that the assets of the corporation remain subject to an equitable charge for all debts owed by the corporation. (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 345 [182 P.2d 182].)

In *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575, 579 [89 P. 335], the court stated: "The universally accepted modern doctrine is that the debts of a corporation are not vacated by its dissolution. In the absence

of statute, equity treats the surviving assets as a trust fund for the creditors and stockholders, and enables the beneficiaries to reach the same by appropriate procedure."

 Notwithstanding the specific statutory action against the offending directors, the creditor's remedy by a creditor's bill in equity to reach the corporate asset wrongfully distributed has not been destroyed.

A creditor's bill will not be entertained until all legal remedies have been exhausted. (*Herrlich* v. *Kaufmann,* 99 Cal. 271 [33 P. 857].)

In the case last cited the complaint averred that the judgment debtor had ample moneys and properties to pay the judgment so that the equitable remedy was unnecessary.

 In the complaint in the case at bench, there is an allegation that a writ of execution was returned unsatisfied, and that the defendant had appeared to answer whether he had property of the judgment debtor in his possession.

It is not alleged that the judgment debtor or its officers were questioned under section 714, Code of Civil Procedure, concerning the existence of assets with which to pay the judgment, or that there are no such assets, or that the corporate debtor in the dissolution proceeding did not adequately provide for payment of the debt.

The corporation itself does not have a cause of action under section 5012, Corporations Code, against the distributee of the corporate asset unless the distribution has been made without such adequate provision for payment of debts. We believe the statutory scheme permits the creditor of the corporation to reach such asset only if no such provision for payment has been made.

It might be thought that since the corporation contested action #38158, there could have been no provision for payment of the claim. That does not necessarily follow.

Since the stipulated and admitted facts do not deal with that essential point, the judgment must be affirmed for that reason.

Judgment affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.