**SOUTHERN BLUEGRASS MENTAL HEALTH AND MENTAL RETARDA- TION BOARD, INC. and Allen Todd Hume, Petitioners,**

v.

**Honorable Armand ANGELUCCI, Judge Fayette Circuit Court, Third Division, Respondent.**

Court of Appeals of Kentucky.

Oct. 3, 1980.

John S. Sawyer, Paul R. Collins, Greenebaum, Doll & McDonald, Lexington, for petitioner Mental Health Board.

Charles R. Coy, Coy, Coy & Moberly, Richmond, for petitioner Hume.

Steven L. Beshear, Atty. Gen., James L. Dickinson, Asst. Atty. Gen., Frankfort, for respondent.

Before REYNOLDS, VANCE and HOWERTON, JJ.

## OPINION AND ORDER

REYNOLDS, Judge.

This action has arisen on the petition of Southern Bluegrass Mental Health and Mental Retardation Board, Inc. and Allen Todd Hume which seeks a Writ of Prohibition to Judge Armand Angelucci of Fayette Circuit Court to prohibit the enforcement of an order which directed Comprehensive Care and Southern Bluegrass Mental Health and Mental Retardation Board to release all information it has concerning Allen Hume to the Bureau of Corrections for use in preparation of a pre–sentence report.

Comprehensive Care is a non–profit, private corporation with a purpose to provide Mental Health Services to the public in central Kentucky. Allen Hume contacted the petitioner's unit in Richmond, Kentucky, during August, 1973, to obtain psychotherapeutic diagnosis and treatment and during the next five years was seen on some forty different occasions. The visits were on a fee–paying basis and treatment included individual–group therapy which included interviews with staff psychiatrists, psychologists and staff social workers. The records sought in this case are based on the communications aforesaid. Allen Hume was indicted in December, 1978, by the Madison County Grand Jury for two counts of murder, assault in the first degree and burglary in the first degree. After a bifurcated jury trial, Hume was found guilty on all counts. During the course of the pre–trial hearing the Commonwealth sought to introduce testimony and documentary evidence through the personnel and records of Comprehensive Care. The trial court sustained Hume's objection on the ground that all communications made during the course of diagnosis and treatment were privileged. The Fayette Circuit Court at the punishment phase of the trial returned a verdict of guilty and recommended that Hume be sentenced to life imprisonment. Sentencing was postponed pending a pre–sentence investigation pursuant to KRS 532.050. Thereafter the Division of Probation and Parole of the Bureau of Corrections sought the Hume files and the trial court ordered the disclosure of the records/information.

The petitioners argue that the court order directing the release of all information concerning Hume was error because such information is privileged.

The issue herein is the applicability of KRS 421.215 and KRS 319.111 concerning the disclosure of Hume's psychotherapeutic diagnosis and treatment for use in the preparation of a pre–sentence report.

KRS 421.215 provides:

421.215. Psychiatrist–patient privilege–Limitations. (1) As used in this section, unless the context requires otherwise: (a) "Patient" means a person who, for the purpose of securing diagnosis or treatment of his mental condition consults a psychiatrist; (b) "Psychiatrist" means a person licensed to practice medicine who devotes a substantial portion of his time

to the practice of psychiatry, or a person reasonably believed by the patient to be so qualified; (c) "Authorized representative" means a person empowered by the patient to assert the privilege granted by this section and, until given permission by the patient to make disclosure, any person whose communications are made privileged by this section. (2) Except as hereinafter provided, in civil and criminal cases, in proceedings preliminary thereto, and in legislative and administrative proceedings, a patient, or his authorized representative, has a privilege to refuse to disclose, and to prevent a witness from disclosing, communications relating to diagnosis or treatment of the patient's mental condition between patient and psychiatrist, or between members of the patient's family and the psychiatrist, or between any of the foregoing and such persons who participate, under the supervision of the psychiatrist, in the accomplishment of the objectives of diagnosis or treatment. (3) There shall be no privilege for any relevant communications under this section:

(a) When a psychiatrist, in the course of diagnosis or treatment of the patient, determines that the patient is in need of admission to or commitment to a hospital for care of the patient's mental illness; (b) If a judge finds that the patient after having been informed that the communications would not be privileged, has made communications to a psychiatrist in the course of a psychiatric examination ordered by the court provided that such communications shall be admissible only on issues involving the patient's mental condition; (c) In a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense, or, after the patient's death, when said condition is introduced by any party claiming or defending through or as a beneficiary of the patient, and the judge finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychiatrist be protected.

KRS 319.111 provides:

Communications to psychologist privileged.–For the purpose of KRS 319.005 to 319.131, the confidential relations and communications between licensed psychologist or holder of certificate of qualification and client are placed upon the same basis as those provided by the law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

■ Hume was attended by staff psychologists and a staff psychiatrist and we are presented with a first impression issue concerning the context of the privilege statutes relating to a pre–sentence investigation. KRS 421.215 is applicable in all official proceedings in which the patient's communication might be relevant. The three statutory exceptions which are stated in the statute have no application under the facts of this case. Kentucky has adopted the Connecticut statute pertaining to the psychiatrist–patient privilege. The reasoning and application of the Connecticut statute is set forth in 36 Conn.B.J. 175 (1962).

■ KRS 319.111 determines that communications to a psychologist are privileged and the statute definitively places the privilege upon the same basis as that provided between attorney and client and with no construction requiring any such privileged communication be disclosed.

We note that the trial court correctly applied the privilege during the punishment stage of the trial. From our review we determine that the statutes contain no provision for an exception to the privilege as would apply to the pre–sentence investigation. Authority exists which determines that privilege applies at all stages of a case and including proceedings for the imposition of a sentence. *People ex rel. Kunce v. Hogan*, 37 Ill.App.3d 673, 346 N.E.2d 456 (Ill.App.1976), modified 7 Ill.Dec. 63, 67

Ill.2d 55, 364 N.E.2d 50. There is authority in criminal cases that prosecution in trial court is not "final" until there is a judgment entered of record. *Lovelace v. Commonwealth*, 285 Ky. 326, 147 S.W.2d 1029 (1941).

Although respondent's argument discloses a well–reasoned analysis, we however determine that KRS 421.215 was enacted or reenacted in 1966 rather than in 1954 as suggested by respondent. Neither do we agree with the respondent that a post–conviction proceeding should be treated, concerning privilege, as an exception.

■■■ We are unable, in this case, to adopt respondent's argument that compelling state interest as manifested in KRS 532.050 outweighs the limited harm that might result from the disclosure of allegedly confidential material. We determine that the mandatory requirement of KRS 532.050 may be met by the authority granted to the court by virtue of subsection three of the statute aforesaid. We disagree with respondent's view that a conflict exists between KRS 421.215 and KRS 532.050 so as to abrogate the privileged communication. The petitioner discloses that the defendant Hume has been subject to four separate court ordered psychiatric examinations and that such reports do not fall within the scope of privilege and are available to the trial court for sentencing purposes. At this point we hold that such court ordered examinations are of value and would be of inherent benefit under the statutory channels available to the trial court. Without elaboration we determine that the social/medical value of preserving confidentiality outweighs such other interests upon which the respondent based his argument.

It would appear that petitioners never had a privilege if it can be used against the defendant even at post–trial proceedings and it serves no legitimate purpose to grant privilege if it can be used at some part of a trial. For this court to waive the privilege or commence to carve out exceptions is to erode any reason in keeping with consistency.

Having considered oral argument of counsel and the authorities cited therein we determine and so order that the respondent's motion to dismiss be and hereby is DENIED.

■■■ From the record we determine that the petitioner Hume is before the court and that Comprehensive Care has standing to assert the privilege. The authority for this court to assert jurisdiction and consider the Petition for Writ of Prohibition is provided by in SCR 1.030(3); *Francis v. Taylor*, Ky., 593 S.W.2d 514 (1980).

■■■ The petition states, and we believe it is apparent, that petitioners are without an adequate remedy by appeal or otherwise. Once the information is furnished it cannot be recalled and the privilege is, in effect, destroyed. The petitioner has no other adequate remedy. *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

It is our opinion that respondent, by his order on September 14, 1979, improperly ordered the production of and release of all information which petitioner had concerning Allen Todd Hume. The respondent is respectfully prohibited from enforcing the court order of September 14, 1979.

All Concur.