**TRIPLE ELKHORN MINING CO., INC.,
and Harry H. Ranier (Deponent),
Appellants,**

v.

**Hon. Reed D. ANDERSON, Special Judge,
Floyd Circuit Court; Mr. and Mrs. Everett Akers, Akers Cable System, Inc., Big
Sandy Telecasting Co., Inc., Appellees.**

Supreme Court of Kentucky.

March 9, 1983.

Tom H. Pierce, Versailles, for appellant Harry H. Ranier (deponent).

Clifford B. Latta, Prestonsburg, for appellant Triple Elkhorn Mining Co., Inc.

Michael DeBourbon, Pruitt & DeBourbon, Pikeville, for appellees.

### OPINION AND ORDER

This is an appeal from an order of the Court of Appeals entered November 16, 1982, denying appellants' Petition for Writ of Prohibition against an order compelling discovery issued by a special judge of the Floyd Circuit Court. The questions which appellants' representative was directed by the lower court to answer concern his profits on his business, the rate paid to others under contracts utilizing wheelage or tonnage as the basis for compensation, and requiring appellant to file his federal and state income tax. It is our opinion that the writ should be granted.

This court has consistently held that the answers requested concerning profits, wheelage and tonnage were not relevant to the issue of damages for trespass, but that the diminution of rental value or market value was the proper standard. *See Texaco, Inc. v. Melton,* Ky., 463 S.W.2d 301 (1971), and *Kentucky Mountain Coal Company v. Hacker,* Ky., 412 S.W.2d 581 (1967).

The action herein was based on an allegation of "unjust enrichment," seeking to fall under the exception of *Edwards v. Lee's Adm'r,* 265 Ky. 418, 96 S.W.2d 1028 (1936). That action involved a cave, the entrance to which was on one tract of land and one-third of which cave extended under the lands of another. Under these peculiar circumstances, the court permitted profits as a method of measuring damages but took great pains to declare that it was *sui generis* and peculiar on its facts, setting out that reasonable rental value was impossible to compute under the facts of that case.

It is contended that there is no showing of great or irreparable injury as required under CR 76.36(4). It is our opinion that the information requested and ordered disclosed by the trial court is confidential and without relevancy in the instant case. Its disclosure under these circumstances would cause such injury, and appeal after the disclosure provides an inadequate remedy. *See Froedge v. Walden,* Ky., 624 S.W.2d 833 (1981), and *Angelucci v. Southern Bluegrass Mental Health,* Ky., 609 S.W.2d 928 (1980), aff'g Ky.App., 609 S.W.2d 931 (1980).

Accordingly, it is our opinion that appellee improperly ordered the production and disclosure of the information set out in his order of August 10, 1982. The Order of the Court of Appeals is dissolved. The appellee is prohibited from taking any further action to require appellant to disclose such information.

GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and LEIBSON, J., dissent.

Entered March 9, 1983.

/s/ Robert F. Stephens
Chief Justice