**SCHMITT FURNITURE COMPANY, INC. (Real Party in Interest) and**

**William L. Graham, Judge Franklin Circuit Court, Appellants,**

v.

**COMMONWEALTH of Kentucky Revenue Cabinet, By and on Behalf of Gary W. GILLIS, Secretary, Appellee.**

Supreme Court of Kentucky.

Jan. 22, 1987.

John E. Evans, E. Brian Davis, Greenbaum, Young, Treitz & Maggiolo, Louisville, for appellants, Real Party in Interest.

Douglas M. Dowell, Legal Services Section, Revenue Cabinet, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an order of the Court of Appeals in an original action which denied Schmitt's motion for attorney's fees which had been filed pursuant to KRS 453.-260 and Civil Rule 37.02.

The issue is whether the Court of Appeals abused its discretion in denying the application for attorney's fees.

The original action arose when Schmitt appealed an assessment for delinquent tax payments. In preparation of its appeal, Schmitt sought discovery of certain documents within the files of the Revenue Cabinet. The Revenue Cabinet refused to produce the documents and Schmitt filed an action seeking an *in camera* inspection. The Franklin Circuit Court ordered the *in camera* inspection and the Revenue Cabinet sought a writ of prohibition in the Court of Appeals. The Court of Appeals denied the writ and the order of the Court of Appeals denying the writ for the Cabinet was affirmed by this Court in *Com. Revenue Cabinet by and on Behalf of Gillis v. Graham*, Ky. 710 S.W.2d 227 (1986). This Court held that subjecting the documents in question to an *in camera* inspection did not meet the great injustice and irreparable injury requirement for the issuance of a writ of prohibition.

On June 26, 1986, Schmitt filed an application for attorney's fees. The Court of Appeals concluded that the Revenue Cabinet acted reasonably and had substantial justification in seeking to prevent disclosure of the record, and it denied the request for attorney's fees. This appeal followed.

This Court affirms the decision of the Court of Appeals because that court did not abuse its discretion in denying the application for attorney's fees.

KRS 453.260 states in part as follows: ... a court shall award costs to any party which prevails by a final adjudication on the merits in any of the following:

(a) A civil action brought by the Commonwealth against the party.

Subsection (2)(d) of this statute provides that:

[t]he court in its discretion may deny the award provided for in this section, or may reduce the award, if it finds that:

\* \* \* \* \* \*

(d) The position of the Commonwealth was substantially justified or a special circumstance would make an award unjust provided, however, that the burden of proof of substantial justification or special circumstance shall rest with the Commonwealth.

Interpretation of the critical phrase "substantially justified" is the key to the resolution of this matter. There are no published Kentucky decisions construing the language of KRS 453.260 or this specific phrase. However, the statute is similar in a number of respects to the Federal Equal Access to Justice Act, 28 U.S.C.A. § 2412, which provides in part in Subsection (d)(1)(A) that court costs and attorney's fees may be awarded except where the position of the government was substantially justified or that special circumstances make an award unjust. We must turn to federal decisions which have considered the concept of "substantially justified." *Foster v. Tourtelloutte*, 704 F.2d 1109, 1112 (9th cir.1983). That case determined the following standard:

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and in fact, no award will be made....

> The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case.

It has been the position of the Revenue Cabinet that the documents in question were protected from disclosure by four kinds of privileges: 1) Executive or governmental privilege; 2) Confidentiality of tax information (KRS 131.190); 3) Attorney-client privilege, and 4) the work product rule (CR 26.02(3)(a). The Revenue Cabinet relied on governmental privilege which protects from disclosure of confidential governmental communications containing advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions are formulated.

There are no specific Kentucky decisions determining that a writ of prohibition would not lie to protect privileged documents from unnecessary *in camera* examination. However, in *Triple Elkhorn Mining Co. Inc. v. Anderson*, Ky. 646 S.W.2d 725 (1983), *Angelucci v. Southern Bluegrass Mental Health*, Ky. 609 S.W.2d 928 (1980) and *Froedge v. Walden*, Ky. 624 S.W.2d 833 (1981), this Court has held that a writ of prohibition was an appropriate remedy to prevent the court ordered production or disclosure of confidential or privileged information.

The decision by the Court of Appeals that the Revenue Cabinet acted reasonably and with substantial justification was not an abuse of discretion. The issues presented in the underlying case were arguably of first impression in Kentucky and the position of the Revenue Cabinet was based on a substantial number of decisions from other jurisdictions and upon a reasonable belief that the extension of the principles in several other Kentucky decisions might be achieved. Merely because the Revenue Cabinet did not succeed does not raise a presumption that its position was not reasonable or substantially justifiable. It is not the position of this Court to deny counsel the opportunity to advance in good faith novel but reasonably credible extensions and interpretations of existing law.

It is the holding of this Court that the Court of Appeals did not abuse its discretion when it decided that the position of the Revenue Cabinet was substantially justified or had a reasonable basis. The choice of prohibition as a remedy was a reasonable extension of Kentucky law. The decision of the Court of Appeals is affirmed.

All concur, except VANCE, J., who dissents.