[No. B038786. Second Dist., Div. Two. Feb. 5, 1990.]

CHRISTA ROSENAU et al., Plaintiffs and Appellants, v. GERHARD HEIMANN, Defendant and Appellant.

**COUNSEL**

Amy Ardell for Plaintiffs and Appellants.

Ochoa & Sillas and Ann C. Hall for Defendant and Appellant.

**OPINION**

**COMPTON, Acting P. J.**—This case involves a cross-appeal challenging the trial court's ruling granting a conditional new trial on the issue of excessive damages. Plaintiffs contend in essence that the trial court used incorrect reasons in granting the conditional new trial, should not have reduced damages, and erroneously denied prejudgment interest. Defendant urges that we dismiss the cross-appeal since the underlying appeal has been dismissed and, if not, that we affirm the new trial decision as a proper exercise of the trial court's discretion.

*Procedural History*

Plaintiffs Christa Rosenau and Gizela Rezat sued attorney Gerhard Heimann on various theories related to his unauthorized use of funds they brought as immigrants from Germany and placed in bank accounts with defendant as an authorized signatory. A jury returned verdicts in favor of plaintiffs, but the trial court ruled it would grant defendant's motion for a new trial as to excessive damages unless Ms. Rosenau consented to a reduction of her compensatory damages from $195,200 to $75,000 and her punitive damages from $780,000 to $125,000[1] and Ms. Rezat, who was awarded $28,000 in compensatory damages, consented to a reduction of her punitive damages from $85,000 to $35,000. Counsel for plaintiffs agreed to accept the remittitur under protest.

Defendant filed a notice of appeal from the judgment on December 6, 1988. On December 8, 1988, plaintiffs filed a cross-appeal from "the new

---

[1] The court's minute order indicated the reduction would be to "$75,000 compensatory and $125,000 punitive, including interest."

trial order and specifically those portions of the conditional Judgment entered pursuant to the remittitur and calculations of pre-judgment interest." On December 23, 1988, defendant was notified by the superior court that he was in default for failure to file a notice designating record on appeal. This court found defendant in default and dismissed his appeal August 10, 1989. The remittitur related to the dismissal of defendant's appeal issued October 12, 1989, and it was ordered that plaintiffs should recover costs on appeal.

Plaintiffs had been notified of their failure to file a notice designating record for their cross-appeal in a notice filed in the superior court December 27, 1988; they moved for relief from default, which was granted by this court on January 24, 1989. Plaintiffs filed their opening brief September 18, 1989, between the date of the order of dismissal of defendant's appeal and the issuance of the remittitur; and defendant filed his cross-respondent's brief October 17, 1989.

### Discussion

1. *The cross-appeal should be dismissed.*

Defendant asks this court to dismiss the cross-appeal. ■ "It is settled in this state that a party cannot accept the benefits of a judgment, in whole or in part, and then attack it by appeal. [Citations.] This rule mandates the conclusion that when the plaintiff has consented to a remittitur he cannot thereafter appeal on any unseverable issue. By consenting to the reduced award, the plaintiff has accepted the benefit of avoiding new trial, delay, and uncertainty on appeal. He cannot be permitted to reap this benefit and yet contest the very order by which the benefit was conferred. [Footnote omitted.] [¶] However, when plaintiff accepts a remittitur and *defendant* appeals, the case is in a different posture." (*Miller* v. *National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 343 [126 Cal.Rptr. 731]; accord, *Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 918, fn. 1 [148 Cal.Rptr. 389, 582 P.2d 980]; *Baker* v. *Pratt* (1986) 176 Cal.App.3d 370, 385 [222 Cal.Rptr. 253].) In such a case, "the remitting plaintiff not only faces continued litigation at the appellate and, perhaps, trial stages, a result he may have sought to avoid by his consent, but also ordinarily does not enjoy, pending determination of the appeal, the fruits of the judgment awarded him." (*Miller* v. *National American Life Ins. Co., supra,* 54 Cal.App.3d at p. 344.) Where the defendant's appeal has deprived the plaintiff of the benefits he or she has sought by his consent to the remittitur, the plaintiff cannot be held to have waived his right to appeal. (*Id.,* at p. 345.)

In the case at bench, the procedural posture is between the two poles. That is, defendant did file an appeal from the judgment, which ordinarily would entitle plaintiffs to proceed with their attack on the trial court's ruling as to excessive damages. However, before plaintiffs even filed their opening brief, defendant's appeal was dismissed, leaving plaintiffs with the benefits received by their consent to the remittitur.

■ We choose to follow the general rule, which favors judicial economy, and dismiss the plaintiffs. However, we also believe defendant's own appeal and belated dismissal caused plaintiffs to believe they had a legitimate right to appeal. Therefore, pursuant to Code of Civil Procedure section 923, we order defendant to pay any reasonable attorney's fees incurred by plaintiffs as a result of defendant's filing his notice of appeal and the related dismissal thereof. Any hearing on a determination of the amount to be awarded shall be noticed by plaintiffs in the superior court for a date no later than 60 days from the filing of the remittitur in this matter.

## 2. *Sanctions are inappropriate.*

■ Since defendant's own appeal at least initially gave plaintiffs the right to pursue their cross-appeal under established law, and it was only defendant's rather late abandonment of his appeal that foreclosed the cross-appeal,[2] we will not consider sanctions for taking the cross-appeal.

As to the substantive points raised in the cross-appeal, while we have not reviewed their merits in this opinion, we do not find them to be frivolous and therefore deny sanctions.

The cross-appeal is dismissed. The case is remanded to the superior court for proceedings consistent with this opinion. Defendant to bear costs.

Gates, J., and Fukuto, J., concurred.

---

[2] Defendant could have easily withdrawn his appeal at an earlier date and then asked this court to dismiss the cross-appeal before plaintiffs had incurred legal fees and their attorney had invested time and effort in preparing their brief. Instead, he waited for this court to dismiss his appeal because of his own default and then waited until filing his own brief before suggesting the cross-appeal could not be pursued once his appeal was dismissed.