REVENUE CABINET, COMMONWEALTH OF KENTUCKY,
Appellant,

v.

Michael L. WYATT and Mary
Wyatt, Appellees.

Nos. 96–CA–3171–MR, 96–CA–3475–MR.

Court of Appeals of Kentucky.

Feb. 27, 1998.

Jennifer S. Smart, Frankfort, for Appellant.

Thomas L. Osborne, Paducah, for Appellees.

Before BUCKINGHAM, KNOPF and SCHRODER, JJ.

*OPINION*

SCHRODER, Judge.

This appeal addresses whether goodwill and a covenant not to compete constitute "any interest in a corporation," pursuant to KRS 154.655(6)(c) of Kentucky's Enterprise Zone Act. The McCracken Circuit Court found that they do, and after reviewing the law, we affirm regarding the goodwill but reverse regarding the covenant not to compete, and remand for recomputation of the tax refund awarded the appellees.

Michael Wyatt was the president and sole shareholder of the subchapter S corporation

Matweld, Incorporated, which was located in an enterprise zone. On July 1, 1991, Wyatt sold the corporation to VEFA, Incorporated. The sale price of $4.2 million included $2 million for a covenant not to compete against VEFA, Inc. for seven years and approximately $1.5 million for goodwill.

When the Wyatts filed their tax return for 1991, they claimed that approximately $3.5 million received from the sale of the business was exempt from Kentucky income tax pursuant to KRS 154.690(1) and 154.655(6). They sought a refund in the amount of $204,759. The Revenue Cabinet (Cabinet) sent the Wyatts an audit report, indicating that the approximately $3.5 million should have been included as taxable income, thus raising their liability to $239,727 [1]. The Wyatts amended their tax return and sought an additional refund of $2,190. Once the Cabinet adjusted its figures, it deemed that the Wyatts owed $237,536 [2]. They paid $232,186, and the Cabinet determined that they still owed $5,350.

KRS 154.650, which was in effect in 1991, set forth that the purpose of the statutes governing enterprise zones was to stimulate the economy in economically depressed areas in Kentucky. KRS 154.655 through 154.705 were enacted to encourage new economic activity in such areas by means of reduced taxes to businesses which brought jobs. KRS 154.690(1) stated that "gains from the sale of qualified property within a zone shall be exempt from state income taxes." KRS 154.655(6) defined "qualified property" as:

(a) Any tangible personal property located in an enterprise zone used predominantly by the taxpayer in the zone in the active conduct of a trade or business; and

(b) Any real property located in such zone which:

1. Was used predominantly by the taxpayer in the active conduct of a trade or business; or

2. Was the principal residence of the taxpayer on the date of the sale or exchange.

---

1. At that time, the Cabinet posited that only the sale of tangible personal property was exempt from income tax under the foregoing statutes. The Cabinet later abandoned this view.

2. We note the difference of one dollar between the prior amount demanded ($239,727) and the adjusted balance ($239,727—$2,190), but neither party raises the matter as a concern.

(c) **Any interest in a corporation,** partnership, or other entity if, for the most recent taxable year of such entity ending before the date of the sale or exchange, such entity was a qualified business.

(Emphasis added.)

The Kentucky Board of Tax Appeals found that goodwill and the covenant not to compete were not "interests in a corporation" within the meaning of KRS 154.655(6) because they did not constitute "legal shares of ownership in the corporation." The circuit court reversed, relying on the definition of "interest" found in *Black's Law Dictionary* 729 (5th ed.1979); the fact that the adjective "any" was used to modify "interest in a corporation" in KRS 154.655(6)(c); and the fact that sections (6)(a) and (6)(b) addressed personal and real property.

Interestingly, both the Cabinet and the Wyatts contend that the plain language of the statute leads to the result it or they espouse. The Cabinet argues that as a matter of law, the circuit court erred in allowing the exemption, and relies on *Black's Law Dictionary* to define "interest," "goodwill," and "covenant not to compete."

We agree with the lower court that because subsections (a) and (b) of KRS 154.655(6) deal with tangible personal property and real property, the language "any interest in a corporation" in subsection (c) must address something else, such as intangible property. "Interest" is defined by *Black's* as:

> The most general term that can be employed to denote a right, claim, title, or legal share in something.... More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title.
>
> ....
>
> The word 'interest' is used in the Restatement of Property both generically to include varying aggregates of rights, privileges, powers and immunities and distributively to mean any one of them. Sec. 5.

*Black's Law Dictionary* 729 (5th ed.1979).

■ We believe that goodwill is a corporate asset. In *Clark v. Clark*, Ky.App., 782 S.W.2d 56, 59 (1990), a divorce case, this Court held that, "Goodwill in essence is the expectation that patrons or patients will return because of the reputation of the business or firm. This goodwill has specific pecuniary value.... It is the growing trend of courts in the country to consider goodwill in valuing a corporation."

In *Baker v. Pratt*, 176 Cal.App.3d 370, 380, 222 Cal.Rptr. 253, 259 (Cal.App. 2 Dist.1986), goodwill was described as representing "the expectation of continued patronage," which constituted "a form of property that may be valued." In fact, the California court declared that goodwill was an "indispensable element of the fair market value of such a business" and that upon dissolution of a corporation, the value of the goodwill "as an asset of a business interest" must be determined. *Id.* at 380–81, 222 Cal.Rptr. 253.

From these cases, we conclude that goodwill is a right from which an advantage accrues, and, thus, is an "interest" as defined by *Black's*. Because the advantage accrued to the corporation, previously Matweld, Inc., and now VEFA, Inc., it is an "interest in a corporation." Accordingly, we affirm the circuit court's conclusion that the approximately $1.5 million gained from the sale of the goodwill was tax exempt.

■ On the other hand, we do not believe the covenant not to compete was an interest in the *corporation.* Rather, we perceive it as an agreement which personally binds Wyatt. Matweld, Inc. had no interest in a covenant not to compete with Wyatt. That would make no sense. VEFA, Inc. paid $2 million so that Wyatt, personally or by forming another corporation, would not compete against it for seven years. In fact, the Asset Purchase Agreement states, "the sum of Two Million and 00/100 Dollars ($2,000,000.00) is the amount paid by Buyer to Stockholder for Stockholder's agreement not to compete with Buyer as more fully described hereinafter in this Agreement." As Matweld, Inc. accrued no advantage from the covenant not to compete, it was not an "interest in the corporation," and thus was not qualified property under KRS 154.655(6). Consequently, we reverse the lower court's conclusion that the $2

million received for the covenant not to compete was exempt from taxation.

The circuit court also awarded the Wyatts a $10,000 attorney fee pursuant to KRS 453.260(1)(b) because it concluded that the Cabinet's arguments were inconsistent with the clear meaning of the statute. The court could not find substantial justification for any of the Cabinet's positions, which, it noted, changed throughout the litigation.

■ The Cabinet now argues that the award of attorney fees was erroneous in that this case raised issues of first impression, and the Cabinet's position was substantially justified inasmuch as it relied upon rules of statutory construction and legal definitions. We agree.

KRS 453.260(1)(b) provides that, "a court shall award costs to any party which prevails by a final adjudication on the merits in ... [a] civil action brought by the party against the Commonwealth to challenge the assessment or collection of taxes." KRS 453.260(2) imbues the court with discretion to deny the award of attorney fees if, as stated in subsection (d):

> The position of the Commonwealth was substantially justified or a special circumstance would make an award unjust provided, however, that the burden of proof of substantial justification or special circumstance shall rest with the Commonwealth.

■ Because KRS 453.260(2) gives the circuit court the discretion to deny the award, only a clear abuse of discretion warrants reversal. *Revenue Cabinet v. Barbour*, Ky. App., 836 S.W.2d 418, 423 (1992). In *Schmitt Furniture Co., Inc. v. Com. by and on behalf of Gillis*, Ky., 722 S.W.2d 889, 891 (1987), our Supreme Court held that the test of whether the Commonwealth's position was substantially justified is, in essence, one of reasonableness. If the Commonwealth can show its stance was reasonable in law and fact, an award should be denied. *Id.*

■ Although the Cabinet initially asserted that the exemption was improper because it only applied to tangible personal property, it deserted that position and focused on whether the goodwill and covenant not to compete constituted "any interest in a corporation." This presented an issue of first impression in Kentucky, and according to the rules of statutory construction, grants of tax exemptions are strictly interpreted against the taxpayer and in favor of the taxing power. *Delta Air Lines, Inc. v. Com., Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985); 3A Singer, *Sutherland Statutory Construction* § 66.09 (5th ed.1992). Given the outcome of the Cabinet's appeal, it is clear that its argument regarding the covenant not to compete was not only reasonable and substantially justified, but correct. The circuit court erred in finding the $2 million for the covenant not to compete tax exempt. As a corollary, we believe the award of attorney fees was arbitrary and capricious, and, thus, a clear abuse of discretion under the circumstances.

Accordingly, the McCracken Circuit Court's judgment is affirmed as it pertains to the goodwill, but reversed regarding the covenant not to compete and the award of attorney fees, and remanded for proper calculation of the refund due the Wyatts.

All concur.