[Civ. No. 1446. Fourth Appellate District.—April 2, 1934.]

H. D. STACK, Respondent, v. JOSEPH WELDER et al., Appellants.

Sarau & Thompson and H. B. Pool for Appellants.

Goodman, Bachrack & Brownstone and Herman A. Bachrack for Respondent.

WARMER, J., *pro tem.*—This is an appeal by the defendants, Joseph Welder and Maria Welder, from a judg-

ment in favor of plaintiff in an action for the foreclosure of a mortgage. The judgment decreed that the mortgaged premises be sold and that the proceeds derived from such sale be applied to the payment of the indebtedness secured by the mortgage. Intelligent consideration of the contentions advanced by appellants necessitates a statement of the facts which are disclosed by the record on appeal.

On February 26, 1926, appellants executed three promissory notes which were made payable to Virginia L. Armstrong. Each note was in the amount of $10,000. One note was payable on December 1, 1927, another on December 1, 1929, and the third on December 1, 1931. Payment of the principal amount of the notes and interest at the rate of seven per cent per annum was secured by a mortgage on certain real property located in Riverside County, which was likewise executed by appellants on the above-mentioned date. On June 7, 1929, the payee named in said notes instituted an action to recover the indebtedness represented by said notes and to foreclose the mortgage. With the exception of appellants, all persons who were named as defendants in the action, and who were served with process, defaulted and their defaults were regularly entered. The action was set for trial on June 3, 1932, and the trial was commenced on this date. At this time the notes and the mortgage were admitted in evidence. An assignment of the mortgage executed by the mortgagee to respondent on January 16, 1930, was also admitted in evidence and the plaintiff in said action thereupon moved the court that respondent be substituted as party plaintiff in the action in her place. This motion was granted and the court made its order of substitution. Appellants thereupon moved the court for a continuance of the trial for the purpose of amending their answer. The motion was granted and the court ordered that trial of the action be continued to June 24, 1932. On said date appellants filed an amended answer which contained a general denial of the material allegations of the complaint and two separate and further defenses to the action. The first of said special defenses alleged payment in full of the principal and interest of the notes. The second of such special defenses alleged that on July 10, 1929, appellants and two other persons were the owners of the mortgaged

premises and that on said date they contracted with two individuals to sell the property to a corporation which was to be formed and controlled by said persons, which corporation should have an authorized capital stock of 5,000 shares of no par value, and that the owners of said property should receive 1,000 shares of stock in said corporation in return for their conveyance of the property to said corporation; that the corporation was later organized and bore the name of "Eden Hot Springs, Inc."; that thereupon appellants and their co-owners conveyed the land to the corporation and received therefor 1,000 shares of stock of said corporation; that the mortgage executed on February 26, 1926, was then of record and the amount of indebtedness secured thereby had been reduced to $25,000; that the sole asset of the corporation consisted of the mortgaged premises, which had a reasonable market value of $100,000; that on December 15, 1929, respondent purchased all the capital stock of the corporation which was not owned by appellants and their co-owners of the land and thereupon became the owner of approximately three-quarters of the capital stock and shortly thereafter was elected president of said corporation and that thenceforth the corporation was controlled by a board of directors of five members, one of whom was respondent and three others were persons selected by respondent; that during the spring of 1930, respondent and the payee named in said promissory notes informed appellants that the mortgage had been paid; that in the autumn of 1930 appellants learned for the first time that respondent had paid the mortgage in full and had taken an assignment of the mortgage; that at no time subsequent to December 15, 1929, had respondent, as president of the corporation, called a meeting of the board of directors of the corporation for the purpose of satisfying the mortgage or suggested to said directors or officers of the corporation that means be provided for satisfying the mortgage although the corporation at all times had the ability to pay the mortgage by refinancing said mortgage, or by the issuance and sale of additional capital stock or by the levy of an assessment upon stock already issued; that by reason of respondent's failure as president of the corporation to satisfy the mortgage, appellants and their co-owners of the property will lose all

interest they have in the mortgaged property and the foreclosure of the mortgage will cause respondent to become sole owner of the mortgaged premises. The prayer of the pleading was that respondent take nothing by reason of the complaint and that appellants recover judgment for their costs.

The action proceeded to trial on July 1, 1932, and was concluded and submitted on said date. On November 2, 1932, and before the case was decided, respondent gave notice to appellants that he would make application to the court for permission to file a supplemental complaint in the action. The application was granted and the supplemental complaint was filed on November 10, 1932. This pleading alleged that on June 30, 1929, appellants had conveyed whatever interest they had in the mortgaged premises to the corporation known as "Eden Hot Springs, Inc." and that on May 26, 1931, this corporation had executed a promissory note in the amount of $13,714.96, made payable to respondent on demand and a deed of trust of the mortgaged premises to secure payment of said note, that nothing had been paid either on account of the principal or interest of said note. The pleading concluded with a prayer that any surplus of the proceeds that should be realized from the sale on foreclosure of the mortgage should be paid to respondent as the holder of the last-mentioned note and trust deed. Appellants filed a demurrer to the supplemental complaint setting forth various grounds on November 10, 1932. So far as the record shows, the court took no action on the demurrer and on November 19, 1932, signed findings of fact and conclusions of law and on November 21, 1932, rendered judgment which decreed that the mortgaged premises should be sold to satisfy the indebtedness secured by the mortgage and that if there should be any surplus remaining from the proceeds of the sale after satisfying such indebtedness it should be applied on the note executed in respondent's favor by Eden Hot Springs, Inc., on May 26, 1931.

The chief contention advanced by appellants is that the purchase of the notes and mortgage by respondent after he had become president of Eden Hot Springs, Inc., was a violation of the trust imposed upon him as an officer and director of the corporation and that he was therefore without right

to enforce the obligation and seek foreclosure of the mortgage. ■ It is a fundamental principle of equity and so declared by statute (sec. 2228, Civ. Code) that a trustee is bound to act in the highest good faith toward his beneficiary in all matters connected with his trust. A trustee is also expressly forbidden to deal with trust property for his own profit (sec. 2229, Civ. Code), and is inhibited from taking part in any transaction concerning the trust in which he has an interest, present or contingent, adverse to that of his beneficiary. (Sec. 2230, Civ. Code.) However, it has been expressly decided that officers of corporations are not trustees of corporate property to the extent that they are disabled from purchasing and enforcing corporate indebtedness unless the circumstances of the transaction make it inequitable for them to do so. (*Todd* v. *Temple Hospital Assn., Inc.*, 96 Cal. App. 42 [273 Pac. 595].) ■ Although an officer or director of a corporation like any other trustee is bound by the obligations declared in the above-cited sections of the code, he is not absolutely precluded from dealing directly with the corporation of which he is an officer or director. While it is true that any transaction between the officer and the corporation is subject to rigid scrutiny and is voidable at the instance of the beneficiary for any violation of the officer's duty as trustee, the transaction is not *ipso facto* void. (*Schnittger* v. *Old Home etc. Min. Co.*, 144 Cal. 603 [78 Pac. 9].) If the circumstances surrounding the transaction show that it would be inequitable to carry it into effect a court of equity will not hesitate to declare the transaction void.

■ It is immediately apparent that an examination of the circumstances surrounding a transaction of the character which was presented to the trial court in the instant case involves a pure question of fact and that a reviewing court is powerless to interfere with the finding of the trial court that no fraud existed and that the circumstances do not indicate that it would be inequitable to carry the transaction into effect if there is any evidence to sustain such a finding.

The record herein discloses that the following facts were established by evidence produced during the trial: Respondent, who had become president of "Eden Hot Springs, Inc."

on January 7, 1930, purchased the mortgage on January 16, 1930, with his own money paying therefor the full amount due thereon and then advised appellants of the fact of purchase; he did not press his claim on the mortgage for more then two years, during which time he advanced large sums of money to the corporation. The court made a finding which is supported by the evidence that the aforesaid corporation "is and at all times has been unable to pay said mortgage". The establishment of these facts impels the conclusion that appellants' contention is lacking in merit.

Appellants object. that the trial court failed to make a finding as to the value of the mortgaged premises and it is declared that there was evidence indicating that the market value of the property was $200,000. It must be remembered that this action was for the foreclosure of a mortgage and that it is elementary that the value of the mortgaged premises is not material in such an action. It is said that it is material here as bearing on the question of respondent's good faith in dealing with corporate property and as tending to show that under the circumstances it would be inequitable to decree foreclosure of a mortgage of approximately $30,000 upon property having a value of $200,000. It is perhaps only necessary to point out that the value of the property, conceding its materiality, was merely a probative fact, and that the ultimate fact was respondent's good faith. It may, however, properly be further noted that the evidence that the value of the property was $200,000 consisted of the testimony of the appellant, Joseph Welder, and that the amended answer of this appellant filed on June 24, 1932, alleged that the property was of a reasonable market value of $100,000, and further that this witness testified that he had purchased the property seven years prior to the trial of the action for $63,000, that he had been in possession of the property for approximately two years prior to the trial and had derived no financial profit from its operation. These facts were ample to warrant the court in drawing an inference that the bald statement that the property had a market value of $200,000 at the time of the trial was a gross exaggeration.

Appellants further complain that the record discloses that the cause was not at issue since it appears that

the trial court failed to rule on the demurrer interposed by appellants to the supplemental complaint. However, it clearly appears that the supplemental complaint was in the nature of a pleading permitted to be filed to conform to the proof adduced during the trial of the action and that it was filed upon notice and hearing. The sole object of the supplemental complaint was to show the existence of an indebtedness due to respondent from Eden Springs, Inc., and to have whatever surplus should remain upon the foreclosure sale applied to this indebtedness. The record shows that the sale was had and that no surplus remained. This question is therefore moot and deserves no further consideration on this appeal.

For reasons stated, the judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.