[L. A. No. 14378. In Bank.—April 1, 1935.]

II. D. STACK, Respondent, v. JOSEPH WELDER et al., Defendants; M. KIROUFF et al., Appellants.

72

Sarau & Thompson, Irvin C. Louis and H. B. Pool for Appellants.

Goodman, Bachrack & Brownstone, Best & Best, O. C. Sattinger and Herman A. Bachrack for Respondent.

PRESTON, J.—In this action in foreclosure, the defendants Kirouff defaulted and are now before us upon appeal from the judgment and from an order denying their motion to vacate and set it aside. As to defendants Welder, the cause was tried on its merits; plaintiff had judgment,

from which said defendants appealed, and said judgment was, on April 2, 1934, affirmed by the District Court of Appeal. (*Stack* v. *Welder*, 137 Cal. App. 647 [31 Pac. (2d) 426].) The following statement of facts will make clear the position of these appellants (the Kirouffs).

The Welders and the Kirouffs owned interests in some 700 acres of mountainous land suitable for a hot mineral springs and health resort. On February 26, 1926, the Welders executed to Virginia L. Armstrong four promissory notes secured by first mortgage on the property (three $10,000 notes upon which payments were not kept up and one $1122.92 note, which was paid). On June 7, 1929, said mortgagee brought this action in foreclosure, naming as defendants the Welders, the Kirouffs, and a number of other persons.

On July 10, 1929, the Welders and Kirouffs contracted with two individuals, Conrad and Goelter, to sell the property to a corporation, "Eden Hot Springs, Inc.", which was to be formed with an authorized capital no par value stock of 5,000 shares, 1,000 of which shares said vendors were to receive for their conveyance. This contract was performed, said mortgage, at the time of conveyance of the property, being of record, with $25,000 still unpaid on the principal indebtedness thereby secured. On December 15, 1929, this plaintiff Stack purchased all of the capital stock of the corporation not held by the Welders and Kirouffs, to wit: some three-fourths thereof. On January 7, 1930, he was elected president of the corporation; thereafter he became one of its five directors and selected three of the other directors. On January 16, 1930, he purchased said mortgage. The decision on the Welder appeal (*Stack* v. *Welder, supra*) upholds findings to the effect that this purchase was made with his own money; that he paid the full amount due on the mortgage and advised the other stockholders of the purchase; that the corporation was unable to pay the mortgage; that, however, he did not press his claim thereon for more than two years, during which time he advanced to the corporation sums of money aggregating $13,714.96; and that on May 26, 1931, he took a corporate note for this sum, secured by a second deed of trust on said property. On June 3, 1932, when this action was called for trial, he procured an order of court substitut-

ing himself as plaintiff in the place of said Virginia L. Armstrong. The default of appellants Kirouff had been entered in October, 1931, and they were not notified of the substitution of party plaintiff. The Welders, however, were granted a continuance in order to amend their answer.

The amended answer of the Welders, containing a general denial and special defenses, put in issue the facts relating to conveyance of the property to the corporation, and plaintiff's alleged lack of good faith, as majority stockholder, in purchasing the mortgage and making advancements to the corporation, in return for its note and second trust deed. Trial of the cause was finally had on June 24 and July 1, 1932. On November 10, 1932, plaintiff filed a supplemental complaint alleging execution of said $13,714.96 note and trust deed and asking that it be declared a valid lien against the property and that any surplus arising from sale under the decree of foreclosure be paid to him to the amount named in said second trust deed. The decision in the Welder case (*Stack* v. *Welder, supra*) states that it clearly appeared that this supplemental complaint was in the nature of a supplemental pleading permitted to be filed, upon notice and hearing, to conform to proof adduced upon trial of the action. On November 12, 1932, the Welders filed a demurrer to it but, so far as the record shows, said demurrer was never ruled on by the court, nor was any further answer filed.

On November 19, 1932, the trial court made findings in harmony with the allegations of the original and supplemental complaints, followed by entry, on November 22d, of decree of foreclosure and order for sale of the property, directing that the proceeds of sale be applied to the amount due upon the mortgage, and then that the surplus, if any, be applied upon the amount due on said second deed of trust. Thereafter sale was held on December 31, 1932, and plaintiff bid in the property for $32,073.53, being the amount necessary to satisfy the mortgage, interest and costs.

Thereafter, and on May 8, 1933, the defendants Kirouff moved to vacate the judgment and permit them to file an answer, copy of which proposed pleading they submitted to the court. It was practically identical with the answer of the Welders, on which the case had gone to trial, con-

taining similar allegations charging plaintiff with fraud in the alleged use of corporate funds to purchase the mortgage and in taking said corporate note and second trust deed. As ground for setting aside their default, the Kirouffs alleged that said supplemental complaint amended the original complaint in matters of substance, adding new and different material issues affecting their rights and that said changes were made without service upon or notice to them and that the judgment for plaintiff was entered on said supplemental complaint. On May 17, 1933, the court denied their motion, whereupon, on June 22, 1933, they appealed both from the judgment and from the order denying said motion.

■ The appeal from the judgment was taken too late and must be dismissed. (*Schainman* v. *Kierce,* 199 Cal. 249 [248 Pac. 905]; *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459].) ■ As to the appeal from the order refusing to vacate, it is a settled rule that where, after the default of a defendant has been entered, a complaint is amended in matters of substance as distinguished from mere matters of form, the amendment opens the default, and unless the amended pleading be served on the defaulting defendant, no judgment can properly be entered on the default. (*Cole* v. *Roebling Construction Co.,* 156 Cal. 443, 446 [105 Pac. 255], and many cases therein cited.)

The application of this rule to the facts before us presents several questions:

■ (1) Was the order substituting respondent Stack as party plaintiff in the place of Virginia L. Armstrong, an amendment of substance, entitling appellants to have their default set aside? The bringing in of a new party by amendment may or may not be a matter of substance, depending on whether the defaulting parties are affected thereby. (14 Cal. Jur., sec. 20, p. 890, and cases cited.) Here it appears that the change was not substantial as affecting the rights of appellants upon foreclosure of the mortgage and they were not prejudiced thereby.

■ (2) Were the changes presented by the allegations of the supplemental complaint matters of substance or matters of form? Obviously the pleading alleged entirely new matter, in addition to the original cause of action, materially affecting the rights of appellants. Likewise the prayer of

said supplemental complaint was for an entirely new relief, which was accorded in the judgment. In other words, respondent not only succeeded to the rights of the original plaintiff but asked for and was granted additional relief, which could not have been given under the original complaint. An additional evidence of debt was declared to be a lien upon the property and the debt was ordered paid from the proceeds of sale, if they were sufficient.

■ The answer to the first of the above questions being in the negative, and the answer to the second in the affirmative, we are brought to a consideration of respondent's contention that, in any event, the judgment is severable and at most should be set aside only in so far as it affords him relief grounded upon his said supplemental pleading. This contention seems to be sound. The supplemental complaint left the original pleading intact. A complaint and a supplemental complaint are considered as separate pleadings (*California Farm & Fruit Co.* v. *Schiappa-Pietra*, 151 Cal. 732 [91 Pac. 593]; *Conlin* v. *Southern Pac. R. Co.*, 40 Cal. App. 733, 741 [182 Pac. 67]; 21 Cal. Jur. 170, 172) and may give rise to a severable judgment. (15 Cal. Jur. 49.) Thus only that portion of the judgment affording relief under the supplemental complaint is, as to appellants, void.

Another reason for our disinclination to disturb that portion of the judgment grounded upon the original cause of action is that appellants' proposed answer raises only those issues which have already been fully heard and determined in the Welder case. (*Stack* v. *Welder, supra.*)

■ Furthermore, the record shows that Stack became the purchaser at the foreclosure sale, holding the lien of the second trust deed. Under well-settled rules of law, a redemptioner would have to satisfy both liens. (Sec. 702, Code Civ. Proc.) This fact reduces the case to a point where the only right left to appellants is the right to contest the *bona fides* of the indebtedness secured by said second trust deed, either by answer in the present action, or by an independent suit.

So much of said judgment as is based upon the supplemental complaint is void as to these appellants and their right to contest the issues tendered by it remains without restriction; therefore, so much of said order appealed from as refused to vacate this portion of the judgment is re-

versed, and in all other respects the order is affirmed. The appeal from the judgment is dismissed.

Thompson, J., Langdon, J., Shenk, J., Curtis, J., and Seawell, J., concurred.