Filed 7/12/21  Vasquez v. National Default Servicing CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| RAUL VASQUEZ,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.<br><br>  Defendants and Respondents. | A157284<br><br>(City & County of San Francisco Super. Ct. No. CGC-17-559683) |

Plaintiff Raul Vasquez sued National Default Servicing Corporation (NDSC), Select Portfolio Servicing, Inc. (SPS), and U.S. Bank, N.A.[1] (collectively defendants) under the Homeowner Bill of Rights (HBOR) (Civ. Code,[2] § 2923.4 et seq.) and the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) (UCL).  Plaintiff appeals after the trial court sustained defendants' demurrer to his supplemental complaint without leave to amend and entered judgment in their favor.  We conclude the demurrer ruling should not have resulted in judgment against plaintiff because the defective

---

[1] U.S. Bank, N.A. is more fully identified in the papers and the record as U.S. Bank, N.A., as trustee for the registered holders of Citigroup Mortgage Loan Trust, Asset-Backed Pass-Through Certificates Series 2005-HE1.

[2] Undesignated statutory references are to the Civil Code.

1

supplemental complaint did not supersede the original complaint, which had previously been found to contain legally sufficient and triable causes of action. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2017, plaintiff filed a complaint asserting several causes of action against defendants related to an attempted loan modification (the 2017 complaint). Plaintiff alleged that in 2000, he obtained a loan secured by a deed of trust on real property located at 1278 Thomas Avenue, San Francisco. Plaintiff refinanced the loan several times and in 2014 defaulted on the loan and filed for bankruptcy. Plaintiff allegedly applied twice for a loan modification, but his applications were denied.

The first three causes of action alleged violations of statutory duties imposed under the HBOR.[3] In the first cause of action, plaintiff alleged that defendants violated section 2923.55 by recording a notice of default without first contacting him by telephone or in person to assess his financial situation and explore options for avoiding foreclosure. The second cause of action alleged that defendants violated section 2923.6 by recording a notice of trustee's sale without having first made a written determination that plaintiff was not eligible for a first lien loan modification. The third cause of action alleged defendants' violation of section 2923.7 by failing to provide

---

[3] The HBOR imposes "specific limitations regarding the nonjudicial foreclosure of owner-occupied residential real property" including a prohibition on " 'dual track' foreclosures, which occur when a mortgage servicer continues foreclosure proceedings while reviewing a homeowner's application for a loan modification." (*Bustos v. Wells Fargo Bank, N.A.* (2019) 39 Cal.App.5th 369, 373–374.) Available remedies for "material" violations of the HBOR include injunctive relief for violations that occur prior to foreclosure (§ 2924.12, subd. (a)), and monetary damages for those occurring after foreclosure (§ 2924.12, subd. (b)).

plaintiff with a single point of contact to discuss foreclosure alternatives. The fourth cause of action for "declaratory relief pursuant to" section 2924.12 sought to enjoin defendants' violations of sections 2923.55, 2923.6, and 2923.7. The fifth cause of action under the UCL sought injunctive relief and restitution based on defendants' HBOR violations.

NDSC and SPS demurred to the 2017 complaint, arguing primarily that plaintiff's claims were barred by the res judicata effect of a prior federal court judgment.[4] The trial court sustained the demurrer to the first cause of action without leave to amend on res judicata grounds. As to the fourth cause of action, the court sustained the demurrer "with leave to amend for Plaintiff to seek damages under [section] 2924.12(b), not injunction under [section] 2924.12(a) as trustee's deed upon sale has been recorded."[5] The court overruled the demurrer to the remaining claims (second, third, and fifth causes of action), finding they were "sufficiently alleged and not barred by res judicata."

Defendants thereafter moved for summary judgment,[6] but the motion was denied.

An initial trial date was set for October 2018. Just before trial, plaintiff applied ex parte for leave to file a "supplemental complaint," seeking "to add

---

[4] NDSC and SPS further argued that plaintiff failed to allege material violations of sections 2923.55, 2923.6, and 2923.7.

[5] Plaintiff elected not to amend the fourth cause of action.

[6] In their motion for summary judgment, defendants argued that the repeal of the HBOR's prohibition on dual tracking without a savings clause eliminated plaintiff's claim under section 2923.6. As to plaintiff's claim under section 2923.7, defendants argued there was no triable issue that SPS provided plaintiff with a single point of contact to discuss foreclosure alternatives. Finally, defendants argued that plaintiff lacked UCL standing because he did not lose any money or property as a result of the alleged HBOR violations.

3

additional facts to be adjudicated and increase his damage claim based on Defendants['] recent assertion of title over lots erroneously included in the Trustee's Deed Upon Sale, after previously stating an intent to correct the deed." The trial court granted the application and continued the trial date.

The introductory paragraph to the supplemental complaint states, "The operative complaint is the complaint filed on June 21, 2017. The gravamen of the complaint is that the defendants wrongfully foreclosed on plaintiff. . . . The plaintiff has recently learned there were unintended consequences of the foreclosure sale as set forth below." The section on general allegations begins with a statement that "Plaintiff adopts and incorporated paragraphs 1-3, 6-34, 46-57 and 62-67 from the complaint filed on June 21, 2017." Plaintiff later alleges that "[o]n June 12, 2018, [he] learned for the first time that defendants had taken title to not only 1278 Thomas Avenue, but also 1266 Thomas Avenue and 1270 Thomas Avenue." The pleading then asserts one cause of action for declaratory relief based on plaintiff's contentions that the only collateral for the deed of trust is the property located at 1278 Thomas Avenue, and that the notice of trustee sale is "defective" because defendants lacked the power of sale for 1266 Thomas Avenue and 1270 Thomas Avenue.

Defendants demurred to the supplemental complaint on the grounds it was barred by res judicata and the statute of limitations. Specifically, they argued that the supplemental complaint attempted to belatedly relitigate plaintiff's already-rejected claim that the deed of trust unintentionally incorporated three lots as opposed to one. In support of their res judicata argument, defendants sought and obtained judicial notice of various records, which we summarize below.

The foreclosure proceedings in question were based on a September 2004 deed of trust (2004 DOT) identifying the property as involving three

4

parcels on a single block, including the parcel commonly known as 1278 Thomas Avenue.  In 2015, plaintiff filed a state court action against defendants alleging claims for wrongful foreclosure, slander of title, quiet title, unfair business practices and declaratory relief.[7]  The case was removed to federal court and dismissed with prejudice in September 2015 on the grounds that plaintiff did not advance a viable legal theory to invalidate the 2004 DOT.  Meanwhile, in 2016, the bankruptcy court issued an order confirming that the subject property included not only the lot commonly known as 1278 Thomas Avenue, but the two other lots.  The bankruptcy court also admonished plaintiff for belatedly advancing his new legal theory that the 2004 DOT's incorporation of all three lots was unintentional.

In addition to their res judicata and statute of limitations arguments, defendants urged the trial court to dismiss the entire action on the grounds that the supplemental complaint was "in fact an amended pleading" because it alleged matters that took place before the filing of the 2017 complaint (e.g., the origination of the loan in 2004, the recording of the notice of default, the sale of the property).  Thus, defendants argued, plaintiff's second complaint superseded the 2017 complaint, resulting in the forfeiture of plaintiff's HBOR and UCL claims.

The trial court sustained the demurrer without leave to amend.  In its order, the court deemed the supplemental complaint "an Amended Complaint, not a supplemental complaint[,]" because "[a]ll material facts giving rise to [plaintiff's] claims occurred prior to June 21, 2017.  The date when Plaintiff learned of those events is irrelevant for the analysis under

---

[7] Plaintiff had filed an earlier state court complaint in 2011 against different defendants seeking to void the 2004 DOT.  The record does not disclose the disposition of that action, but defendants contend it was dismissed by plaintiff.

C.C.P. 464. In fact, Plaintiff's discovery [of] pre-existing facts during the pendency of the complaint is exactly the type of event that triggers and provides basis for filing an amended complaint."

The trial court entered judgment in favor of defendants, and plaintiff timely appealed.

## DISCUSSION

Plaintiff does not challenge the trial court's ruling that the supplemental complaint's declaratory relief claim was barred by the statute of limitations and res judicata. Hence, that ruling stands. Instead, plaintiff challenges the resulting dismissal of the entire action, arguing that the trial court failed to acknowledge the supplemental complaint's statement that it did not supersede the "operative" 2017 complaint, as well as its incorporation by reference of portions of the 2017 complaint, i.e., the second, third, and fifth causes of action.

A "supplemental" complaint alleges "facts material to the case occurring after the former complaint or answer." (Code Civ. Proc., § 464, subd. (a).) The purpose of a supplemental complaint is to bring to the court's and opposing party's attention such after-occurring facts which may affect the rights asserted and the relief requested in the action. (*MacMorris Sales Corp. v. Kozak* (1968) 263 Cal.App.2d 430, 439.) As such, a supplemental complaint does not supersede the original complaint and leaves it intact. (*Dolley v. Ragon* (1924) 66 Cal.App. 707, 711.) By contrast, an " 'amended' " complaint rests on the same general set of facts as the original complaint (*Honig v. Financial Corp. of America* (1992) 6 Cal.App.4th 960, 966) and " 'supersedes the original one, which ceases to perform any function as a pleading[.]' " (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 884.)

6

Defendants insist the trial court properly deemed the second complaint as an amended (and therefore superseding) complaint. Even indulging this argument, we conclude the second complaint did not result in the abandonment of plaintiff's existing claims. The second complaint expressly incorporated by reference the paragraphs of the 2017 complaint corresponding to the second, third, and fifth causes of action, all of which had previously withstood challenges by demurrer and motion for summary judgment. Defendants concede that an original complaint may be incorporated by reference in an amended pleading. (*Cohen v. Superior Court* (1966) 244 Cal.App.2d 650, 657.) Thus, even if the supplemental complaint were properly viewed as an amended and superseding complaint, its incorporation by reference of the second, third, and fifth causes of action of the 2017 complaint was sufficient to preserve these claims in the new pleading.

The second, third, and fifth causes of action incorporated into the supplemental complaint were not otherwise shown to be defectively pled; indeed, they had previously withstood defendants' demurrer to the 2017 complaint. Moreover, defendants' demurrer to the supplemental complaint did not argue that res judicata or the statute of limitations barred the second, third and fifth causes of action incorporated into the supplemental complaint. Instead, defendants challenged the second, third, and fifth causes of action as effectively abandoned by plaintiff on the grounds that "the Supplemental Complaint supersedes the original Complaint's allegation that Defendants materially violated" the HBOR and UCL. Because we reject defendants' abandonment theory, the demurrer to the second, third, and fifth causes of action was not properly sustained on this ground.

7

Defendants' reliance on *Jarchow v. Transamerica Title Ins. Co.* (1975) 48 Cal.App.3d 917, overruled on other grounds by *Soto v. Royal Globe Ins. Co.* (1986) 184 Cal.App.3d 420, 434, is unavailing. In *Jarchow*, the appellate court mused in a footnote that the plaintiffs' supplemental complaint, which had alleged additional claims and damages based on evidence of facts existing at the time of the original complaint, "might best have been designated an amended complaint (or an amendment to the complaint)." (*Jarchow*, at p. 948, fn. 19.) But the court did not hold or otherwise suggest that the defectively pled supplemental complaint resulted in the abandonment of any existing issues or claims. To the contrary, the court concluded the jury was properly permitted to hear evidence of events that occurred before the filing date of the original complaint to prove the damages set forth in the supplemental complaint. (*Id.* at pp. 948–949.) *Jarchow* in no way supports defendants' theory of forfeiture or abandonment in this case.

Two cases support our conclusion that plaintiff's defectively pled supplemental complaint did not result in the abandonment of his existing claims. In *Stack v. Welder* (1935) 3 Cal.2d 71, the court held that where judgment had been entered on both an original and a supplemental complaint, but the supplemental complaint stated entirely new matters from the original complaint and thereby "open[ed] the default" of the defaulting defendants, only the portion of the judgment affording relief under the supplemental complaint was void as to the defaulting defendants. (*Id.* at pp. 75–76.) As *Stack* observed, "[a] complaint and a supplemental complaint are considered as separate pleadings [citations] and may give rise to a severable judgment." (*Id.* at p. 76.) Likewise, plaintiff's original and supplemental complaints are separate pleadings, and the surviving claims of

8

the original complaint were unaffected by the demurrer ruling on the supplemental complaint.

*Nels E. Nelson, Inc. v. Tarman* (1958) 163 Cal.App.2d 714 (*Nels*) is even more to the point. There, the plaintiffs alleged in their original complaint that the defendants were engaged in a joint venture. After the action was tried and submitted for decision, the plaintiffs filed an "amended and supplemental complaint" alleging additional theories of a contractual and/or agency relationship between the defendants. "The second complaint incorporated by reference certain allegations of the first complaint but did not incorporate any of the joint venture allegations." (*Id*. at p. 720.) Furthermore, the second complaint "allege[d] no facts occurring subsequent to the filing of the original complaint." (*Id*. at p. 721.) The trial court found that the defendants were in a joint venture and entered judgment in favor of the plaintiffs but found against the plaintiffs on the new theories alleged in the second complaint. (*Id*. at p. 720.) On appeal, the defendants argued that the second complaint superseded the first, and thus, there was no pleading of a joint venture to support a finding and judgment on that ground. (*Ibid*.) The appellate court disagreed, concluding that "regardless of its title, the second complaint was intended to be additional to the original complaint and not in substitution of it." (*Ibid*.) In so concluding, *Nels* noted that the second complaint expressly indicated in its introductory paragraphs that it was " '*supplemental*' " and that it prayed for judgment " 'as is set out in the respective complaints of each of the plaintiffs on file herein.' " (*Id*. at pp. 720–721.)

The instant matter presents an even clearer case of intended supplementation. While the second complaint in *Nels* did not incorporate the joint venture allegations, the supplemental complaint here expressly

9

incorporated the paragraphs of the original complaint corresponding to the second, third, and fifth causes of action. Furthermore, as in *Nels*, *supra*, 163 Cal.App.2d at pages 720–721, the introductory language of the supplemental complaint indicated plaintiff's intent that the 2017 complaint remain the "operative" pleading in the case.

Defendants contend that even if the trial court erred in deeming the second, third, and fifth causes of action abandoned, plaintiff was not prejudiced because he otherwise failed to allege material violations of the HBOR. But here the trial court already found the HBOR and UCL claims to be legally sufficient when it partially overruled the demurrer to the 2017 complaint, and defendants did not seek review of that ruling. Thus, defendants' prejudice argument appears premised on the trial court's prior ruling being incorrect. Generally, a respondent who has not appealed from a judgment may not urge error on appeal, but we have discretion to entertain defendants' prejudice contention pursuant to Code of Civil Procedure section 906.[8]

"No judgment shall be set aside . . . for any error as to any matter of procedure, unless, after an examination of the entire cause . . . , the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) A miscarriage of justice occurs when it appears reasonably probable that a more favorable result to the appellant could have been obtained in the absence of the error. (*McIntyre v. The Colonies-Pacific, LLC* (2014) 228 Cal.App.4th 664, 674–675.)

---

[8] Code of Civil Procedure section 906 provides an exception to the rule that a respondent may not urge error by allowing the reviewing court to review the judgment "for the purpose of determining whether or not the appellant was prejudiced by the error or errors[.]"

10

Examining the entire cause, we observe the trial court previously rejected defendants' efforts via demurrer and motion for summary judgment to defeat the challenged causes of action, including the argument that plaintiff failed to allege material HBOR violations in his second and third causes of action (see *ante*, fn. 4). Indeed, the matter was poised to begin trial before the court dismissed the HBOR and UCL claims based solely on defendants' erroneous abandonment theory. Because it is reasonably probable the matter would have proceeded to trial absent the erroneous ruling, ignoring the error and affirming the judgment would result in a miscarriage of justice.

While it is true that an appellate court will affirm a judgment of dismissal if it is correct on any ground stated in the demurrer, independent of the trial court's stated reasons (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967), we conclude defendants have not established they are entitled to judgment as a matter of law. Although the HBOR does not expressly define what constitutes a "material violation" for purposes of section 2924.12, federal district courts applying California law have held that a violation is material if it affected the borrower's loan obligations, disrupted the loan modification process, or otherwise harmed the borrower in connection with the borrower's efforts to avoid foreclosure. (*Billesbach v. Specialized Loan Servicing LLC* (2021) 63 Cal.App.5th 830, 845 [collecting cases].) Defendants provide no meaningful analysis of the materiality requirement; their arguments consist simply of conclusory statements that plaintiff failed to incorporate or plead any materiality allegations needed to state an HBOR claim. Notably, several federal courts have held the materiality of an HBOR violation is a question of fact that is not appropriately resolved at the pleadings stage. (*Haynish v. Bank of America,*

*N.A.* (N.D. Cal. 2018) 284 F.Supp.3d 1037, 1047; *Penermon v. Wells Fargo Bank, N.A.* (N.D. Cal. 2014) 47 F.Supp.3d 982, 996, fn. 7.)  While we are not bound by these federal authorities, they counsel in favor of factual development of the materiality question, particularly where, as here, the trial court has already rejected a pleading challenge on materiality grounds.

## DISPOSITION

The judgment is reversed and vacated, and the case is remanded for further proceedings consistent with this opinion.  Plaintiff is entitled to his costs on appeal.

_____

Fujisaki, Acting P.J.


WE CONCUR:


_____

Petrou, J.


_____

Wiseman, J.*


A157284, *Vasquez v. National Default Servicing Corporation, et al.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.